**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL MUNGIN** | : | **CIVIL ACTION NO. 1:07-CV-1711** |
| **Petitioner,** | : | **(Judge Conner)** |
| v. | : | |
| **WARDEN RONNIE R. HOLT**, | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) filed by petitioner Michael Mungin ("Mungin") challenging the imposition of consecutive sentences of incarceration. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.   Statement of Facts**

Mungin was charged in the United States District Court for the Southern District of New York with one count of attempted murder in violation of 18 U.S.C. § 1959(a)(5) and (2), and three counts of conspiracy to murder in violation of 18 U.S.C. § 1959(a)(5). Mungin v. United States, No. 01-5826HB, 2002 WL 109609, at *1 n. 2 (S.D. NY. Jan. 25, 2002). "On November 19, 1999, Mungin entered into a written plea agreement in which he agreed to plead guilty to one count of attempted murder and three counts of conspiracy to commit murder ("plea agreement"), in exchange for which the Government agreed to dismiss the original indictment under which he potentially faced the death penalty. The plea agreement provided a stipulated sentence of 480 months imprisonment. Following appropriate colloquies,

the Court accepted Mungin's guilty plea on November 19, 2000 and sentenced him on June 8, 2000 to 480 months imprisonment and 3 years of supervised release." Id. at *1.  No appeal was filed.  Id.  On June 26, 2001, he filed a petition to vacate his judgment and sentence pursuant to 28 U.S.C. § 2255.  Id.  Notably, the issue presented here was not included in his § 2255 petition.  The petition was denied on January 25, 2002.

In addition, on or about October 15, 2003, he filed a FED. R. CIV. P. 60(b) motion in the district court seeking relief from the November 19, 1999 judgment entering his guilty plea.  (Doc. 1-2, at 45.)  The motion was denied on multiple grounds.  (Id.)  He also pursued a writ of error *coram nobis*, which was also denied. At that point, he was informed that to the extent that he was collaterally attacking his sentence, he must seek permission to file a second or successive § 2255 motion from the United States Court of Appeals for the Second Circuit.  (Doc. 1-2, at 42.) The matter was then transferred to that court.  (Id.)  Instead of seeking permission to file a second or successive § 2255, he opted to challenge the district court's authority to transfer the matter to the court of appeals.  The United States Court of Appeals for the Second Circuit concluded that a transfer order was not an appealable order and directed Mungin to file an application for authorization to file a second or successive § 2255 motion.  (Id., at 39.)  There is no indication in the record that he filed such an application.

On September 20, 2007, Mungin filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, as it was the district in which he

was confined at the time of filing. (Doc. 1.) He states that he filed this petition pursuant to section 2241 because the section 2255 remedy is inadequate or ineffective to test the legality of his detention. (Doc. 1, at 2.) He challenges the imposition of consecutive sentences and seeks to "rebut the presumption of this section, [28 U.S.C. § 994(I)(2)], and persuade the court to impose a concurrent sentence on him with the grouping already imposed by the Southern District of New York." (Doc. 1, at 6.)

**II.    Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings

3

render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

One circumstance in which the United States Court of Appeals for the Third Circuit has recognized the inadequacy of § 2255 is when, following the denial of an initial petition in the sentencing court, the Supreme Court announces a new statutory interpretation that renders the conduct of which the petitioner was convicted non-criminal.  In re Dorsainvil, 119 F.3d at 249.  Because a new rule of statutory interpretation falls within neither the "newly discovered evidence" or "new rule of constitutional law" exceptions, a petitioner is barred from seeking relief under § 2255 even though he is now imprisoned for conduct that is no longer criminal. This exception is necessary to avoid the "complete miscarriage of justice" that might otherwise result.  Id. at 250-51 (quoting Davis, 417 U.S. 346-47)).  In this limited circumstance, § 2241 serves as an avenue of relief.  Dorsainvil, 119 F.3d at 249-52.

There is no doubt that Mungin's claim falls within the purview of § 2255.  However, he did not raise this issue in his initial § 2255 motion, and there is no indication in the record that he sought permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(3)(A).   Moreover, his argument that the

4

2255 remedy is inadequate or ineffective, in which he primarily relies on United States v. Velasquez, 304 F.3d 237 (3d Cir. 2002), is without merit.  The Velasquez court discusses, at length, the issue of the grouping of multiple criminal convictions in the context of a sentencing judge's discretion to impose consecutive or concurrent sentences.  Velasquez, 304 F.3d at 238, 41-46.  However, the case is procedurally  inapposite because the matter was on direct appeal.  Velasquez, 304 F.3d at 238, 41-46.  The issue was not presented to the court in a § 2255 motion.  Nor was it considered in a § 2241 petition following a determination that § 2255 was inadequate or ineffective.

In sum, Mungin has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.  Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       March 5, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MUNGIN** | : | **CIVIL ACTION NO. 1:07-CV-1711** |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **WARDEN RONNIE R. HOLT**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 5th day of March, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge